IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV185

| | |
|---|---|
| MERCAM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| PORTLYN, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Dennis L. Howell. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendant's motion to dismiss or, in the alternative, to transfer to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the recommendation is adopted. **28 U.S.C. § 636(b); Fed. R. Civ. P. 72.**

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof.  **28 U.S.C. § 636(b)(1).**  "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections."  ***Thomas v. Westinghouse Savannah River Co.*, 21 F.Supp.2d 551, 560 (D.S.C. 1997);** *see also*, **Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").**  "Frivolous, conclusive or general objections need not be considered by the district court." *Id.*  "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  ***Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004);** *see also* ***Jones v. Hamidullah*, 2005 WL 3298966, at *3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash**

**[the] general arguments and do not direct the court's attention to any specific portion of the [report].").** General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. ***Tyler v. Beinor*, 81 F. App'x 445, 446 (4th Cir. 2003); *United States v. Woods*, 64 F. App'x 398, 399 (4th Cir. 2003).** If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1)**. Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), *cert. denied*, 126 S. Ct. 1033 (2006) (quoting Fed. R. Civ. P. 72, Advisory Committee note).**

A detailed recitation of the facts are set forth in the Memorandum and Recommendation and will not be repeated here; however, those facts are incorporated and made a part herein as though fully set forth.

Defendant moves to dismiss the Plaintiff's complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); and/or improper venue pursuant to Fed. R. Civ. P. 12(b)(3); and/or pursuant to 28 U.S.C. § 1391(a)(2) which requires that an action filed only on diversity of citizenship

"be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]"

According to the complaint, the Plaintiff is a North Carolina corporate citizen, while the Defendant is a Florida corporation. **Complaint, ¶¶ 1-2.** For the period November 2004 to May 2005, the Plaintiff paid $476,981.56 to the Defendant for products shipped to its Henderson County place of business. **Plaintiff's Memorandum in Opposition to the Defendant's Motion to Dismiss or Transfer, filed September 25, 2006, at 1-2.** The orders resulted from unsolicited fax offers of goods sent by the Defendant to the Plaintiff's place of business. *Id*. Prior to receipt of the shipments, the Defendant forwarded to the Plaintiff its warranty of title to goods shipped dated November 4, 2004. *See* **Exhibit B,** *attached to* **Plaintiff's Memorandum in Opposition.** Plaintiff subsequently discovered that goods ordered from the Defendant on May 16, 2005, were stolen and for which Defendant had no title. **Complaint, ¶ 5.** The Plaintiff notified the Federal Bureau of Investigation (FBI) who in turn seized the remaining part of the shipment, resulting in a loss to the Plaintiff in excess of $75,000. *Id.*, **¶¶ 5-7.** By the foregoing acts, the Defendant made several contacts with a

North Carolina business, made 11 or more shipments of valuable goods to a designated North Carolina location, executed a warranty of title to goods being shipped to North Carolina, and availed itself of the protection of North Carolina law where it was discovered that stolen goods had been shipped to and received by a North Carolina citizen corporation.

"A forum legitimately may exercise personal jurisdiction over a nonresident who 'purposefully directs' [its] activities toward forum residents. A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." **Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985) (quoting McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957)).**

The Court must next consider whether constitutional due process requirements are met. "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" **Int'l Shoe Co. v. Washington, 336 U.S. 310, 316 (1945).** "Subsequent cases have applied this standard on a case by case basis, determining what is fair, reasonable, and just according to the

circumstances." ***Vishay Intertech., Inc. v. Delta Int'l Corp.*, 696 F.2d 1062, 1068 (4th Cir. 1982).**

In this case, Plaintiff's claims amount to a substantial amount of money, numerous shipments of goods where made by the Defendant to a North Carolina location, the losses were sustained by a North Carolina corporate citizen, a warranty of title to goods was made to a North Carolina citizen, the witnesses, at least in part, are from North Carolina (including the FBI agents), the Defendant initiated the course of events by fax solicitations which were responded to by the Plaintiff's orders for goods, and inconvenience for witnesses traveling to North Carolina is not so great as to amount to a denial of due process.

> In determining whether jurisdiction is constitutionally reasonable, we may evaluate "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolutions of controversies, and the shared interest of the several States in furthering fundamental substantive social policies."

***Christian Science Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 217 (4th Cir. 2001) (quoting *Burger King, supra*, at 477).**

The Court next addresses the Defendant's contention that, if not dismissed for reasons discussed *supra*, 28 U.S.C. § 1404(a) requires transfer of the case for convenience of the parties and witnesses.

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**28 U.S.C. § 1404(a).** In ruling on a motion to transfer, the district court has broad discretion and its ruling will be reviewed for abuse of discretion. ***Nichols v. G. D. Searle & Co.*, 991 F.2d 1195 (4th Cir. 1993).** The Court must engage in an "individualized, case-by-case consideration of convenience and fairness." ***VanDusen v. Barrack*, 376 U.S. 612, 622 (1964).**

> [D]istrict courts must engage in an analysis of convenience and fairness, weighing a number of case-specific factors. In particular, the following factors are commonly considered in ruling on a motion to transfer[:] (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

***Landers v. Dawson Constr. Plant, Ltd.*, 201 F.3d 436 (table), 1999 WL 991419, *2 (4th Cir. 1999) (citations omitted).**

As to the ease of access to witnesses, Plaintiff's main witnesses, corporate officers, documents in hand, and government agents, are local and available. The cost to Defendant of obtaining witnesses for appearance at trial in this District would likely be no more than costs to the Plaintiff if the case were transferred. Compulsory process for local witnesses is obviously available, and discovery depositions would pose no problems for either party to preserve the testimony of essential witnesses wherever they reside. Plaintiff's local facilities would be available for jury view if for some reason ordered by the Court. The Defendant has quite obviously availed itself of the North Carolina market for its products and apparently agreed to warrant title to its goods. The interests of justice as discussed *supra* clearly mitigate in Plaintiff's favor for forum selection.

Therefore, after a *de novo* review of the Defendant's objections to the Memorandum and Recommendation, the Court finds the recommendation of the Magistrate Judge should be adopted, the Defendant's objections are overruled, and the motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss or, in the alternative, to transfer is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant file answer or other responsive pleading to the complaint herein on or before 20 days from entry of this Order.

**IT IS FURTHER ORDERED** that the parties comply with the Court's Local Rule 16.1 and file a proposed discovery plan on or before 20 days after the filing of the Defendant's answer. If the parties cannot agree on the terms of such discovery plan, they shall promptly notify the Magistrate Judge and a formal pretrial conference shall be scheduled forthwith.

Signed: January 17, 2007

_____
Lacy H. Thornburg
United States District Judge