# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv185

| | |
|---|---|
| **MERCAM, INC.,** | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | )    **ORDER** <br>) |
| **PORTLYN, INC.,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(c), and upon defendant's second Motion to Dismiss, which is contained in its Answer (#18) and supported by a Memorandum of Law (#21).

## FINDINGS AND CONCLUSIONS

**I.  Defendant's Rule 12(b)(7) Motion**

Under Rule 12(b)(7), Federal Rules of Civil Procedure, defendant seeks dismissal of this action for plaintiff's alleged failure to join what it contends is an indispensable party, South Trade International, Inc. (hereinafter "South Trade"). Defendant contends that complete relief among the parties can not be obtained because South Trade sold it the allegedly stolen goods and South Trade is not amenable to suit in this district because it lacks minimum contacts.[1] Plaintiff has responded to such motion, arguing that South Trade is not a necessary party because

---

[1] A review of the pleadings, however, does not reveal how defendant knows what contacts South Trade has with district or what those contacts may be.

-1-

plaintiff has no duty, as a matter of law, to name all joint tortfeasors in a single action. Plaintiff further argues that South Trade is not indispensable in this litigation because continuation of this action would not prejudice any defenses defendant could assert in this action. Further, plaintiff argues that continuation of this action would not prejudice defendant's ability to sue South Trade in an appropriate forum or prejudice South Trade in bringing any defenses it may have. Finally, plaintiff argues that any judgment rendered in this action would be a complete remedy inasmuch as it had a direct contractual relationship with defendant and that absent continuation in this forum, it would be required to litigate this action in an inconvenient forum, the Southern District of Florida.

## II.   Background

This diversity action concerns guarantees and warranties on the sale of goods between corporate residents of different states. Plaintiff is a North Carolina corporation with a principal place of business in Henderson County, North Carolina. Complaint, at ¶ 1. Plaintiff is a supply distributor of health and beauty care products to retailers. Plaintiff's brief, at 1. Defendant is a Florida corporation, with its principal place of business located in Broward County, Florida. Complaint, at ¶ 2. Defendant is engaged in the business of selling wholesale health and beauty supplies and over-the-counter medications to distributors such as plaintiff. Complaint, at ¶ 2; Plaintiff's Brief, at 1. As the 10th of a series of 11 transactions between plaintiff and defendant, plaintiff alleges that on May 16, 2006, it purchased 33,840 pieces of BAYER RAPID RELIEF CAPS for $104,981.83 from defendant. Complaint, at ¶ 5.

After it had already sold half its inventory to retailers, plaintiff alleges that it discovered that the BAYER RAPID RELIEF CAPS it bought from defendant were stolen. Id., at ¶ 6. According to the allegations of the instant motion, defendant obtained such allegedly stolen goods from South Trade.

After plaintiff discovered the good were purportedly stolen, plaintiff contends that it contacted the Federal Bureau of Investigation's ("FBI") field office in Asheville, North Carolina, to report its possession of the stolen goods. Complaint, at ¶ 7. On November 17, 2004, the FBI seized plaintiff's remaining stock of BAYER RAPID RELIEF CAPS, Complaint, at ¶ 8, and plaintiff made efforts to recover from retailers any stolen product it had sold. In bringing its seven claims against defendant, plaintiff has alleged that prior to purchasing the BAYER RAPID RELIEF CAPS from defendant, it received a "Continuing Guaranty and Indemnity Agreement" from defendant, in which defendant warranted that it had title to the products it sold. Plaintiff's Brief, Ex. B. (#13-2). Plaintiff alleges that in selling stolen goods and refusing to honor the Continuing Guaranty, defendant has committed the following torts:

  (1) Breach of the Contract of Sale of the Goods;

  (2) Breach of Implied Warranty of Title;

  (3) Breach of the "Continuing Guaranty and Indemnity Agreement";

  (4) Misrepresentation;

  (5) Negligent Misrepresentation;

  (6) Unjust Enrichment; and

(7) Unfair and Deceptive Trade Practices.

In bringing such claims, plaintiff has asserted the diversity jurisdiction of this court under 28, United States Code, Section 1332. Complaint, at ¶ 3. Plaintiff has also asserted that the Western District of North Carolina is the appropriate venue because, "a substantial portion of the events or omissions giving rise to Mercam's claims occurred in this District." Id., at ¶ 4.

Defendant first moved under Rules 12(b)(2) and (3) to dismiss alleging lack of personal jurisdiction and improper venue. This court denied such motions and allowed defendant to file its Answer and otherwise respond. Defendant has again moved, this time under Rule 12(b)(7), to dismiss alleging plaintiff failed to join a necessary and indispensable party, South Trade. For the reasons that follows, the court disagrees.

## III. Applicable Standard

### A. Rule 12(b)(7)

Rule 12(b)(7) provides for dismissal of an action where a litigant fails to join a party under Rule 19. Fed.R.Civ.P. 12(b)(7). In ruling on a motion to dismiss for failure to join a necessary and indispensable party, a court must accept as true the allegations of the Complaint. Davis Cos. v. EmeraldCasino, Inc., 268 F.3d 477, 479 n.2 (7th Cir.2001). In addition, the moving defendant has the burden of showing that a party must be joined for just adjudication. Ploog v. HomeSide Lending, Inc., 209 F.Supp.2d 863, 873 (N.D.Ill.2002).

A two-step inquiry is required. S. Co. Energy Mktg., L.P. v. Va. Elec. & Power

Co., 190 F.R.D. 182, 185 (E.D.Va.1999).

First, a court must determine whether a party is necessary to the action. Id. In making this determination, three factors are considered: (1) whether complete relief can be accorded among the parties without joinder; (2) whether the absent person's ability to protect his own interest will be impaired; and (3) whether any existing parties might be subject to risk of multiple or inconsistent obligations.

Second, where a court decides a party is necessary but cannot be joined, a court must then determine whether the party is indispensable to the action. Determinations as to necessity and indispensability under Rule 19 are not mechanical and "the court must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar." Id., at 185.

## IV. Discussion

### A. Necessary Party

Rule 19(a) requires the court to first consider whether the putative party, South Trade, is necessary so that complete relief among the parties can be afforded between the parties now present. In making such determination, the court has reviewed, above, the relief sought by the plaintiff. While plaintiff has asserted seven claims, it would appear that the "Continuing Guaranty and Indemnity Agreement" is the linchpin of the breach of contract claim. The alleged fact that defendant received stolen goods from South Trade appears to of little relevance to what, if any, obligations it has to plaintiff under that agreement. Reviewing North Carolina law, the court can find no requirement that defendant maintain in this action a claim

against South Trade for contribution or indemnification. RPR & Associates v. O'Brien/Atkins Associates, P.A., 921 F.Supp. 1457, 1462-64 (M.D.N.C. 1995). As a matter of law, plaintiff is simply not required to name all possible joint tortfeasors in a single action. Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990). In Temple, the Court held:

> It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. *See Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 329-330, 75 S.Ct. 865, 869, 99 L.Ed. 1122 (1955); *Bigelow v. Old Dominion Copper Mining & Smelting Co.*, 225 U.S. 111, 132, 32 S.Ct. 641, 644, 56 L.Ed. 1009 (1912). *See also Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880 (CA5) ( *per curiam* ), cert. denied, 484 U.S. 854, 108 S.Ct. 158, 98 L.Ed.2d 113 (1987). Nothing in the 1966 revision of Rule 19 changed that principle. *See Provident Bank, supra*, 390 U.S., at 116-117, n. 12, 88 S.Ct., at 741-742, n. 12. The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." 28 U.S.C.App., p. 595.

Id., at 7. Without doubt, South Trade is as the Official Commentary to Rule 19(a) provided "a permissive party." As such, defendant could certainly move for its joinder or file a third-party Complaint against South Trade. Defendant's motion, therefore, fails the first prong of Rule 19(a).

Even if defendant had passed the first prong test, it does not appear that South trade has claimed an interest in this litigation or in any manner petitioned this court for joinder. There is no contention from South Trade that the guaranty and indemnity agreement at issue herein will create obligations for South Trade. Finally, the court cannot conceive of how defendant could be exposed to inconsistent judgments. If defendant prevails and plaintiff later brings an action against South Trade, defendant

would be able to assert estoppel as to any third-party claim brought against it by South Trade. If plaintiff were to prevail herein, defendant could certainly bring an action for indemnity or contribution against South trade in a forum where it believed personal jurisdiction could be asserted. Thus defendant's motion also fails the second prong of Rule 19(a).

B. **Indispensable Party**

Inasmuch as South Trade is not a necessary party, it logically follows that it is not indispensable. Assuming *arguendo* that South Trade was necessary, the court would then consider the following factors: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or to those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder. See Fed. R. Civ. P. 19(b). "A Rule 19(b) analysis is not mechanical; rather it is conducted in light of the equities of the case at bar." Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. RiteAid of South Carolina, Inc., 210 F.3d 246, 252 (4th Cir. 2000) (quotation marks and citation omitted).

Plaintiff has made claims only against defendant, and while South Trade could conceivably shed some light on the origin of these stolen goods and could conceivably assist defendant in defending against plaintiff's claims, South Trade would not be prejudiced by its absence inasmuch as South Trade will remain free to

raise any and all available defenses to any action defendant might subsequently bring for indemnity or contribution. Clearly, plaintiff is not looking to South Trade to satisfy any judgment it may obtain. Finally, as more clearly set forth in the previous decision of the court, plaintiff is a corporate resident of North Carolina and has a right to have this action litigated in a district where venue is proper and personal jurisdiction exists over this defendant.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's second Motion to Dismiss pursuant to Rule 12(b)(7), contained in its Answer (#18) and supported by a Memorandum of Law (#21), is **DENIED**.

Signed: May 15, 2007

Dennis L. Howell
United States Magistrate Judge