IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:06-cv-00185

| | | |
|---|---|---|
| MERCAM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CONSENT JUDGMENT** |
| | ) | |
| PORTLYN, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

FILED
ASHEVILLE, N.C.
OCT - 1 2007
U.S. DISTRICT COURT
W. DIST. OF N.C.

This is an action by the Plaintiff to recover from the Defendant damages arising out of a breach of contract. The Plaintiff and Defendant represent to this Court that all matters in controversy between them have been settled pursuant to the terms set forth herein and the Parties consent, agree and request that this Court enter Judgment as follows.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiff have and recover of the Defendant the sum of Fifty Thousand and 00/100 ($50,000.00) Dollars (the "Settlement Sum");

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant is to pay the Settlement Sum in two installments as follows:

- The sum of Twenty-Five Thousand and 00/100 ($25,000.00) Dollars to be paid on or before November 1, 2007 (the "First Payment"); and
- The sum of Twenty-Five Thousand and 00/100 ($25,000.00) Dollars to be paid on or before November 1, 2008 (the "Second Payment").

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Settlement Sum is to be paid by cashiers check made payable to "Mercam, Inc." and delivered to Stephen Williamson at Van Winkle, Buck, Wall, Starnes and Davis, P.A.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the First Payment shall not bear interest between the date of this Judgment and November 1, 2007. The First Payment shall accrue interest at the Judgment rate beginning on November 1, 2007 if the First Payment is not paid on or before November 1, 2007. The Second Payment shall not bear interest between the date of this Judgment and November 1, 2008 if the First Payment is timely made. The Second Payment shall accrue interest at the Judgment rate beginning on November 1, 2008 if the Second Payment is not paid on or before November 1, 2008.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant's failure to make payments as provided herein shall entitle Plaintiff to utilize all post-judgment remedies available, as provided by law, to enforce the payment of this Judgment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mercam, Inc. shall cooperate with Defendant in its suit against South Trade, Inc. by making themselves available for deposition at a mutually convenient time in Asheville, North Carolina, and by providing a copy of all documents in Mercam's possession pertaining to the Bayer Rapid Relief Cap 50s that was at issue in this lawsuit. The production of documents does not include any documents drafted by Mercam's attorney relative to this action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Portlyn, Inc.'s principals David Cohen and wife Karen Cohen shall execute personal guarantees for the full Settlement Sum copies of which are attached hereto as Exhibit "A".

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties will bear their own fees, costs, and expenses.

THIS the 1ST day of October, 2007.

_____
Judge Presiding

**WE CONSENT:**

MERCAM, INC.

By _____
Peter Smith, President

VAN WINKLE, BUCK, WALL,
STARNES AND DAVIS, P. A.

By _____
Stephen B. Williamson, NC Bar #20203
Attorney for Plaintiff

PORTLYN, INC.

By _____
David Cohen, Vice President

By _____
Karen Lisac Cohen, President

ROBERTS & STEVENS, P.A.

By: _____
Jacqueline D. Grant NC Bar #22079
Attorney for Defendant

# PERSONAL GUARANTY AGREEMENT

**THIS PERSONAL GUARANTY CREATES SPECIAL LEGAL OBLIGATIONS.**
The words you and your in this Personal Guaranty mean the **Personal Guarantor(s)** indicated below.

WITNESSETH

WHEREAS, Portlyn, Inc. is entering into a Consent Judgment with Mercam, Inc.; and

WHEREAS, Mercam, Inc. will not enter into the Consent Judgment unless, inter alia, Guarantors unconditionally guarantee the performance of all of Portlyn Inc.'s obligations contained in connection with the Consent Judgment;

NOW THEREFORE, AND IN CONSIDERATION OF the foregoing, the parties hereto agree as follows:

In consideration of Mercam, Inc. entering into the Consent Judgment, the undersigned Guarantors unconditionally and irrevocably guarantee to Mercam, Inc., its successors and assigns the timely payment and performance of all obligations contained in the Consent Judgment. The undersigned Guarantors agree that this is a guaranty of payment and not of collection. You agree that in the event that Portlyn, Inc. fails for any reason to perform any of its obligations contained in the Consent Judgment, you will promptly perform such obligation(s) pursuant to the terms set forth in the Consent Judgment.

This is a continuing guaranty which will not be discharged or affected by your death and will bind your heirs and personal representatives. If more than one personal guarantor has signed this Personal Guaranty, each of you agrees that your liability is joint and several.

**THIS PERSONAL GUARANTY SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NORTH CAROLINA.**

THIS the 28 day of September, 2007.

PERSONAL GUARANTOR:

By _____
David Cohen

By _____
Karen L Isac Cohen